UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>NELLI KESOYAN, GRIGOR KESOYAN, and VANIK MOVSESYAN,<br><br>   Defendants. | No. 2:15-cr-00236-GEB<br><br>**DECISION ON DISMISSAL MOTION** |

On March 24, 2017, Defendant Vanik Movsesyan ("Movsesyan") filed a motion to dismiss Count One in the Superseding Indictment, arguing "it is unconstitutional, both facially and as applied to [him,]" since it relies on a violation of "Title 18 U.S.C. §1015(a) [which] is unconstitutional on its face because it proscribes protected speech and [is unconstitutional] as [it is] applied to Mr. Movsesyan . . . because his misstatement [of his address in his naturalization application had] no effect on whether or not he [would be] naturalized." Defs. Mot. to Dismiss ("Defs. Mot.") 1:19-20, 2:18-20, 12:14-15, ECF No. 95. The pertinent part of 18 U.S.C. § 1015 prescribes:

> Whoever knowingly makes any false statement under oath, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization, citizenship, or registry of aliens . . . [s]hall be fined under this title or imprisoned not more than five years, or both.

Defendant Nelli Kesoyan filed a notice of joinder in Movsesyan's dismissal motion. Notice of Joinder, ECF No. 96. The United

1

States of America (the "Government") filed an opposition to the Defendants' dismissal motion. Pl.'s Opp'n to Mot. ("Pl.'s Opp'n"), ECF No. 97.

Defendants changed the scope of their motion in their reply brief as follows: "Perjury statutes on their face do not violate the First Amendment. The defense does not argue otherwise. Rather the defense argues that 18 USC 1015 is overbroad as applied in this case." Defs. Reply to Opp'n ("Defs. Reply") 1:18-20, ECF No. 98. The allegations in Count One of the Superseding Indictment that Defendants seek to have dismissed allege, inter alia, that the Defendants conspired to provide, under oath, a knowingly false address in Mr. Movsesyan's naturalization application for the purpose of influencing the United States Citizenship and Immigration Service's decision on that application. Defs. Mot. 1:25-2:7. Defendants argue that the portion of this conspiracy charge, which is premised on violation of § 1015(a), is unconstitutional as applied to Defendants because "[t]he United States does not care about which address a person uses for their mailing address in order to receive citizenship paperwork." Defs. Reply 4:10-12. The Government counters:

> Movsesyan's perjured false statements lead directly to the denial of his second application for naturalization. A naturalization applicant cannot show he is a person of good moral character if he 'has given false testimony for the purpose of obtaining any [naturalization benefits].' *See* 8 U.S.C. § 1101(f)(6).

Pl.'s Opp'n 5:17-20.

When deciding a pretrial motion to dismiss an

2

indictment,

> we must presume the truth of the allegations in the charging instruments . . . . '[A] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.' 'A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . . The Court should not consider evidence not appearing on the face of the indictment.'

United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996) (citations omitted); see also Fed. R. Crim. Pro. 12(b)(1) (prescribing: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits").

The essence of Defendants' dismissal argument is that the Court should dismiss Count One in the Superseding Indictment because the "United States does not care about which address a person uses for their mailing address in order to receive citizenship paperwork." Defs. Reply 4:10-12. This argument is inconsistent with the following conspiracy allegations in Count One the Superseding Indictment, which are presumed true:

> [Defendants] knowingly and willfully agree, combine, and conspire with each other to make false statements under oath in a matter relating to naturalization and citizenship, [concerning the address of one of the Defendants] in violation of 18 U.S.C. § 1015(a). . . .
>
> . . . .
>
> . . . The conspirators made false sworn statements and provided false corroborating evidence to the United States Citizenship and Immigration Service of the Department of Homeland Security in support of VANIK MOVSESYAN's application for naturalized citizenship.

3

> . . . The conspirators made false statements and provided false corroborating evidence to influence, obstruct, and impede the subsequent United States Citizenship and Immigration Service investigation of these statements.
>
> . . . In relation to his applications for naturalized United States citizenship, VANIK MOVSESYAN falsely stated, orally and in writing, that his address was in Sacramento.
>
> . . . .
>
> [Defendants], knowing that the United States Citizenship and Immigration Service was investigating these statements in the due and proper administration of the law in the pending naturalization proceeding, undertook to influence, obstruct, and impede the investigation by inducing an individual, Person 1, to provide false information to United States Citizenship and Immigration Service officers and by providing false statements and documents to United States Citizenship and Immigration Service officers.

Superseding Indictment 2:10-11 and 18-25, 3:2-7, ECF No. 30. These allegations do not support the premise of the Defendants' motion that the "United States does not care" about the truth of the address in Movsesyan's naturalization application. Defs. Reply 4:10-11.

Therefore, the dismissal motion is denied and the scheduled April 28, 2017 hearing on the motion is vacated.

Dated: April 27, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4